O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL KITAYAMA, | ) | CASE NO. CV 11-05713 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

In May 2007, an administrative law judge determined that Plaintiff Michael Kitayama could perform his past relevant work as a printer, and accordingly denied his application for Social Security disability benefits. This Court upheld that determination. Plaintiff now returns to court, this time after the Commissioner determined that his status had changed, so that he no longer could work as a printer, but that he still could perform work that exists in significant numbers in the economy. Plaintiff asserts two challenges to the Commissioner's determination.

First, Plaintiff argues that the Administrative Law Judge failed to determine properly Plaintiff's residual functional capacity. Plaintiff cites various reports from the record, none of which supports the argument that the Administrative Law Judge erred in his assessment of Plaintiff's remaining capacity. It must be remembered that the question is not whether Plaintiff can locate in the record references to support his view of his

capacity; the legal question is whether the capacity determined by the Administrative Law Judge is backed by substantial evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992); *see also Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001) (when the evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision). Here, substantial evidence backed the decision. The Administrative Law Judge relied on the testimony of the medical expert, who took a more conservative approach than the consultants, who had thought that Plaintiff had no mental limitations whatsoever. As the Administrative Law Judge stated, this conclusion was consistent with the assessments of the treating physicians. [AR 19-20]

Plaintiff asserts that a limitation to simple and repetitive tasks does not take into account his deficiencies in concentration, persistence and pace. Plaintiff has, however, overstated the evidence. The cases he cites were cases in which the evidence rather conclusively demonstrated that the claimant *often* had difficulties concentrating and working at a pace necessary to keep up; they do not ineluctably stand for the proposition that whenever a person has any deficits in those areas, that the residual functional capacity limiting him to simple and repetitive tasks is itself inadequate. *See Newton v. Chater*, 92 F.3d 688 (8th Cir. 1996); *Dade v. Commissioner*, 1999 WL 1192727 (D. Or. 1999); *Rosario v. Shalala*, 836 F. Supp. 257 (E.D. Pa. 1993); *compare Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008). Here the evidence was much weaker; two consultants thought that Plaintiff was not impaired at all [AR 19], and the examining psychiatrist only suggested that Plaintiff had a moderate impairment in concentration, persistence and pace. [AR 300-01] Under these circumstances, the Court cannot say that the Administrative Law Judge erred when he placed a limitation on Plaintiff's work, limiting him to simple and repetitive tasks. *Compare Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

Plaintiff's second argument spins off the first. He asserts that the Administrative Law Judge did not include all the proper limitations about Plaintiff's capacity in the hypothetical question he asked the vocational expert. Again, Plaintiff

references the issue of his ability in the "concentration, persistence and pace" category. An administrative law judge is not required to include limitations in a hypothetical question if the limitations are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2000). The Administrative Law Judge was within his authority here in crafting the question he presented. There was no error.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 9, 2012

                                                        RALPH ZAREFSKY
                                      UNITED STATES MAGISTRATE JUDGE

-3-